**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHRISTOPHER WILLIAM MILLER, | : | |
| | : | Civil Action No. 14-0073 (CCC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| CINDY SWEENY, et al., | : | |
| | : | |
| Defendants. | : | |

     *Pro se* Plaintiff Christopher William Miller brings this civil rights action *in forma pauperis*, alleging violations of his constitutional rights. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

     Plaintiff's claims arose out of an incident during which he was cut in his leg by an exposed piece of metal while climbing out of his bunk bed within his cell. (ECF No. 1-1 at 3.) He alleges that he suffered a one-half-inch by two-and-one-half inch wound. (*Id.* at 1.) Plaintiff asserts that he immediately requested medical attention, and initially was only given a band aid. (*Id.* at 3.) However, four hours later, he received follow-up care, consisting of "butterfly stitches" and "glue." (*Id.* at 1, 3.) He asserts that he was denied proper medical care, and that prison officials were deliberately indifferent to his conditions of confinement.

     The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976); *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 328 (3d Cir. 2014), *rev'd on other*

*grounds*, 135 S. Ct. 2042 (2015). Under *Estelle*, in order to state a valid claim for denial of medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle*, 429 U.S. at 106; *Barkes*, 766 F.3d at 321. Bare allegations of medical malpractice are not sufficient to establish a constitutional violation. *Allah v. Hayman*, 442 F. App'x 632, 635–36 (3d. Cir. 2011) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)).

Deliberate indifference is more than malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994). The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment." *Velasquez v. Hayman*, 546 F. App'x 94, 97 (3d Cir. 2013) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Here, Plaintiff fails to state a claim upon which relief may be granted. Although he alleges that he initially only received a band-aid, four hours later, he received butterfly stitches and "glue," which the Court presumes is a reference to skin glue, a common medical treatment. *See* http://www.nhs.uk/chq/Pages/2552.aspx?CategoryID=72 (last visited Feb. 28, 2017). He asserts that he should have been provided better treatment, but he does not explain why the treatment he did receive was constitutionally inadequate, nor does he allege that the treatment he was given caused him further harm. On the face of the Complaint, it appears to this Court that the use of stitches and skin glue to treat a cut in the leg was reasonable treatment, certainly not enough to establish that prison officials were deliberately indifferent to his injury. As for the four-hour delay in receiving the stitches, Plaintiff also does not allege that he suffered any additional injury due to

the short delay.  While Plaintiff may disagree with the medical care he was provided, that does not state a constitutional violation.  "A prisoner's subjective dissatisfaction with his medical care does not in itself" give rise to a constitutional claim.  *Soto-Muniz v. Corizon, Inc.*, No. 10-3617, 2015 WL 1034477, at *12 (D.N.J. Mar. 10, 2015).

With regard to the conditions of confinement claim, under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety. *Farmer*, 511 U.S. at 832; *Helling v. McKinney*, 509 U.S. 25, 31 (1993).  However, the Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

The Eighth Amendment prohibits conditions that unnecessarily and wantonly inflict pain, or are grossly disproportionate to the severity of the crime warranting imprisonment. *Rhodes*, 452 U.S. at 346–47.  The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society." *Id.* at 346.  "[I]t is well settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer*, 511 U.S. at 832.  To determine whether the conditions of confinement violate the Eighth Amendment, the courts employ a test that includes objective and subjective elements, both of which must be satisfied by the plaintiff. *See Counterman v. Warren Cty. Corr. Facility*, 176 F. App'x 234, 238 (3d Cir. 2006) (citing *Beers–Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001)).  As with a denial of adequate medical services claim, a plaintiff must establish that prison officials were deliberately indifferent to the deprivations. *Ridgeway v. Guyton*, 663 F. App'x 203, 205 (3d Cir. 2016).

Here, there are no allegations that amounts to deliberate indifference.  Plaintiff does not

allege that he had filed grievances regarding the exposed metal edge prior to his injury[1] and, instead, relies on generic allegations that prison officials should have noticed the problem during routine inspections of his cell, and that they "exhibited negligence and deliberate indifference." (*See* ECF No. 1 at 4.)  However, negligence and deliberate indifference are not the same thing; as stated above, deliberate indifference "is a state of mind equivalent to reckless disregard of a known risk of harm."  *Farmer*, 511 U.S. at 837–38.  Plaintiff does not allege that the prison officials *knew* of the risk of harm before he suffered his injury—he merely alleges that they should have known. That is not sufficient for a deliberate indifference claim.  As such, Plaintiff fails to state a claim upon which relief may be granted on his conditions of confinement claim as well, and the Complaint is dismissed.

In the interest of justice, Plaintiff may amend the Complaint within 30 days of the entry of the accompanying Order to cure the defects identified herein.

_____
Claire C. Cecchi
United States District Judge

Date: March 2, 2017

---

[1] Plaintiff wrote his Complaint partially on a standard form for prisoner civil rights cases, which contains a number of questions.  In response to Question 5, "I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6," Plaintiff indicates "Yes" and explains "I submitted multiple inmate remedy forms to [the] administration without ever receiving a response." (ECF No. 1 at 4).  Question 5 concerns the exhaustion of administrative remedies after a claim arises.  (See id. at 5 ("If your answer is 'No,' briefly explain why administrative remedies were not exhausted.")).  Plaintiff does not allege in his response to Question 5 that he submitted these inmate remedy forms before he was injured.  Reading this response in context, the Court does not construe this response as an allegation that Plaintiff filed any kind of grievance before his alleged injury occurred.